ROBERT S. BREWER, JR.
United States Attorney
AMANDA L. GRIFFITH, CBN 243854
PETER KO, CBN 191994
Assistant U.S. Attorneys
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-7359
Email: peter.ko2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 19CR1685-CAB |
|---|---|
| v. | ) GOVERNMENT'S RESPONSE IN OPPOSITION TO LIDDY'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO SUPPRESS EVIDENCE |
| RAYMOND LIDDY, | ) Date:  Sept. 12, 2019 |
| Defendant. | ) Time:  10 am |

The United States of America, by its counsel, responds as follows to Liddy's motion to reconsider.

Liddy seeks reconsideration of the order denying his request for a *Franks* hearing. He says there is new evidence "that, although the warrant applications stated Mr. Liddy uploaded contraband images … in actuality those images might have been sent to Mr. Liddy without his knowledge." Mtn. Reconsid. 1.

This is a misunderstanding. There is no new evidence and nothing to reconsider. Yahoo's report to NCMEC said 10 files depicting child pornography were "upload[ed]" to its services in

1

a 26-minute span. Docket Entry 46-2, Exhibit B, Case No. 17CR2475-CAB (DE-2475 #46-2, Ex. B). A month earlier Microsoft or Skype's report to NCMEC had turned in one of its users for an "uploaded file[]" depicting child pornography. DE-2475 #46-2, Ex. A. The IP address used for the uploads in both cases was the same and assigned to Liddy's house (the Skype user's screen name also was the same as the prefix for the Yahoo email account: cahubby). The affidavits in support of the search warrants for the accounts and the house said what we have just described. Mtn. Supp. 8/15/18 (Doc. No. 16), Appendix 23-24, 37-39. The United States always has understood and said "upload" meant the files were sent to Yahoo's and Skype's servers from the IP address.

    The misunderstanding stems from a conversation about resolution between the prosecutor and defense counsel over coffee (not one of the counsel named on the motion to reconsider). The prosecutor was explaining why Liddy was not charged at the time of his arrest with more serious crimes like transporting, distributing, or receiving (in his Yahoo or Skype accounts) child pornography. 18 U.S.C. 2252(a)(1)-(2) & (b). The prosecutor prefaced her explanation by indicating she needed to review the case file (which she did not then have) and talk to the agents or the prior prosecutor who charged the case to be certain. But she believed they wanted to forensically examine Liddy's devices first to rule out the possibility that the *uploads* occurred automatically without Liddy's manual

involvement—say through an automated process or script like when a device automatically backs up its content to a remote service. Imagine an iPhone that automatically uploads a copy of every photo on the phone to a user's iCloud account if set to do so. That consideration is neither evidence nor new. And the forensic examination did not find evidence of such automation.

(Even if the uploads had been automated, the named Skype and Yahoo user accounts still would have been used to upload the files from Liddy's house so there still would have been probable cause to search the accounts and later the house for child pornography which is contraband and per se evidence of a crime. Contrary to the reconsideration motion, while the affidavits alleged facts circumstantially suggesting Liddy as the possible culprit, none of the warrant affidavits actually "stated Mr. Liddy uploaded contraband images." Mtn. Reconsid. 1.)

The United States has no evidence or information, did not mean to suggest, and as best as it can recall did not say that the uploaded images "might have been sent to [Liddy] without his knowledge"—in other words that he might not have known he had the uploaded files. We acknowledge information to that effect

would be materially favorable to the defense and, if we had it, must be disclosed to Liddy under *Brady v. Maryland*, 373 U.S. 83 (1963). The motion to reconsider should be denied.

DATED:    August 29, 2019

                                                       Respectfully submitted,

                                                       ROBERT S. BREWER, JR.
                                                       United States Attorney

                                                       s/Peter Ko

                                                       AMANDA L. GRIFFITH
                                                       PETER KO
                                                       Assistant U.S. Attorneys