ROBERT S. BREWER, JR.
United States Attorney
AMANDA L. GRIFFITH (Cal. Bar No. 243854)
PETER G. KO (Cal. Bar. No. 191994)
Assistant U.S. Attorneys
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8970 (Griffith)/7359 (Ko)
mandy.griffith@usdoj.gov; peter.ko2@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19CR1685-CAB |
|---|---|
| Plaintiff, | UNITED STATES' MOTIONS IN LIMINE TO: |
| v. | (A) Admit Testimony Regarding Other Child Pornography and Child Erotica Images |
| RAYMOND LIDDY, | (B) Preclude Defense Expert for Lack of Notice |
| Defendant. | |
| | Date: January 23, 2020<br>Time: 1:30 p.m. |

Comes now the plaintiff, United States of America, through its counsel, Robert S. Brewer, Jr., United States Attorney, and Amanda L. Griffith and Peter G. Ko, Assistant U.S. Attorneys, and files its motions in limine.

//
//
//
//

**A. The Court Should Admit Evidence That Liddy Possessed And Handled Additional Images of Child Pornography and Child Erotica**

The parties stipulated that 10 specific digital images of child pornography were found on storage devices taken from Liddy's residence on July 25, 2017.

In addition, the United States moves to admit evidence that 1) 10 digital images were uploaded to and through Liddy's Yahoo account on February 26, 2017 and one image was uploaded to and through his Microsoft/Skype account on January 21, 2017; the images depicted minors in sexually explicit conduct and came from an IP address for his residence; and 2) besides the 10 stipulated images above, other digital images of child pornography and child erotica were found on multiple storage devices taken from his residence on July 25, 2017. Both categories of evidence are inextricably intertwined with the charged crime. And even if they were not, the evidence is admissible under Fed. R. Evid. 404(b) to establish Liddy knew he had child pornography and that he did not possess the stipulated (charged) images accidentally or by mistake.

1. As an initial matter, the additional evidence is inextricably intertwined with the charge that Liddy knowingly possessed child pornography from an unknown date to approximately July 25, 2017.

Evidence is admissible and not excludable under Fed. R. Evid. 404(b) when it is inextricably intertwined with the charged criminal conduct. *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012). There are generally two categories of other act evidence which can be considered to be "inextricably intertwined" with the charged crime. "First, other act evidence may 'constitute [ ] a part of the transaction that serves as the basis for the criminal charge.'" *Id.* (quoting *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir.1995)). "Second, admission of other act evidence may be 'necessary…to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" *Id.*

Liddy's possession and handling of the additional images is part of the same continuing criminal transaction—the same continuing course of possessing child pornography for an unknown period of time ending in late July 2017—that constitutes the crime with which he is charged. The additional evidence is also needed to coherently explain the full circumstances establishing Liddy knew he had the stipulated charged images of child pornography. Uploading multiple images of child pornography to different Internet Service Providers weeks apart (some of which were later found on storage devices at Liddy's residence) requires specific, deliberate, and different interactions with a computer. Multiple uploads to different services on different dates tend to be on purpose, not accidental. Likewise, possessing, say, one image of child pornography might be explainable as a mistake. But that claim grows implausible when someone has many images of child pornography scattered across numerous storage devices.

2.   Even if the two categories of evidence were not inextricably intertwined, they would be admissible under Fed. R. Evid. 404(b).[1]

Rule 404(b) prohibits evidence of "other act[s]" "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But other act evidence "may be admissible for another purpose, such as proving … knowledge, ... absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).   The rule is "a rule of inclusion—not exclusion." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007)(en banc). "Unless the evidence of other crimes tends *only* to prove propensity, it is admissible." *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996) (emphasis added).

The Supreme Court embraced this inclusionary understanding of Rule 404(b) in *Huddleston v. United States*, 485 U.S. 681 (1988):

> Federal Rule of Evidence 404(b)-which applies in both civil and criminal cases-generally prohibits the introduction of evidence

---

[1] This motion gives notice of our intent to introduce such evidence under the rule.

>of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge. Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.

*Id.* at 685. The other crimes, wrongs, or acts under 404(b) may occur before or after the charged criminal conduct. *See e.g., United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000). In sum, evidence may be admitted under Rule 404(b) if four conditions are met. First, the evidence proves a material point; second, the other act is not too remote in time; third, the evidence is sufficient to show that the defendant committed the other act; and fourth, that the act is similar to the offense charged, in cases where knowledge and intent are at issue. *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004).

One, the additional evidence tends to prove Liddy knew he had images of child pornography. That is an element of the offense and so material; in fact, we expect it to be the only disputed element at trial. Two, Liddy's possession and handling of the additional images occurred during the same timeframe as his possession of the stipulated (charged) images. Three, there is ample evidence Liddy committed the additional acts. Liddy has stipulated that he owned and primarily used the Yahoo and Skype accounts used to upload the images in January and February 2017, the images came from an IP address assigned to his house, and some of the same images were found on devices taken from his house. The images in the second category were found on multiple devices taken from Liddy's house that Liddy has stipulated he owned (with his wife) and primarily used (in his recorded interview, he essentially absolved his wife of responsibility for any images). Four, the other act evidence and the charged crime are the same conduct: possession of child pornography images. And to the extent some images might amount to child erotica instead of child pornography, that evidence is sufficiently similar and helps defeat claims of accidental possession. *See United States v. Vosburgh*, 602 F.3d 512, 538 (3rd Cir. 2010); *see also*

*United States v. Dornhofer*, 859 F.2d 1195, 1199 (4th Cir. 1988) ("The fact that Dornhofer had a notebook containing pictures of nude children, novels dealing with incest, and magazines such as *Fifteen*, *Sweet Little Sixteen* and *Young and Naked*, makes Dornhofer's claim that he ordered the child pornography by mistake less probable."). For all of the reasons stated above, the Court should admit this evidence.

**B.     The Court Should Preclude Defendant's Expert For Lack of Notice**

The United States moves to exclude Liddy's "digital forensic expert," Josiah Roloff, for insufficient notice under Fed. R. Crim. P. 16(b)(1)(C). The defense "notice" is attached. *See* Exhibit A.

As pertinent, Rule 16 states the defense must, "at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705," and the "summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). The Rule is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 Adv. Comm. Note.

The initial email from the defense included Roloff's qualifications and general topics he might testify about. But it provides no information about what opinions he will express or the bases or reasons for those opinions, both of which "must" be summarized in writing under Fed. R. Evid. 16(b)(1)(C). The United States asked if the defense intended to provide the latter or a report, and the defense said that if Roloff testified, "it will constitute rebuttal evidence. At this time, beyond Mr. Roloff's previously provided curriculum vitae, we do not have any additional written materials to provide you." *See* Exhibit B.

Liddy's notice is insufficient. Unlike Rule 16(a)(1)(G) which only requires notice of government experts who will be offered in the government's "case-in-chief" at trial, Rule 16(b)(1)(C) contains no such limitation and so does not permit defendants to circumvent

5

the notice requirement by deeming a defense expert a "rebuttal" witness. The reason is plain: all defense experts are called in the defense case-in-chief to "rebut" the government's case. Such an exception would eliminate the rule. Roloff should be precluded from testifying at trial absent adequate notice provided sufficiently in advance of trial for the prosecution to consult its own experts and prepare to question him. See Fed. R. Crim. P. 16(d); *United States v. Ulbricht*, 858 F.3d 71, 115 (2d Cir. 2017) (court did not abuse discretion by "precluding the defense from calling its proposed experts" when disclosures were "plainly inadequate"; "Both disclosures merely listed general and in some cases extremely broad topics on which the experts might opine …. They did not summarize the experts' opinions about those topics, let alone describe the bases for the experts opinions."), abrogated on other grounds, *Carpenter v. United States*, 138 S. Ct. 2206 (2018) .

## CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court grant its motions.

DATED: January 9, 2020

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

*s/Amanda L. Griffith*
AMANDA L. GRIFFITH
Assistant U.S. Attorney

*s/Peter G. Ko*
PETER G. KO
Assistant U.S. Attorney