Knut S. Johnson (CSB 125725)
LAW OFFICE OF KNUT S. JOHNSON
550 West C Street, Suite 790
San Diego, California 92101
(619) 232-7080
knut@knutjohnson.com

Devin Burstein (CSB 255389)
WARREN & BURSTEIN
501 West Broadway, Suite 240
San Diego, California 92101
(619) 234-4433
db@wabulaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND LIDDY,<br><br>    Defendant. | Case No.: 19-cr-1685-CAB<br><br>Mr. Liddy's response in opposition to the government's motions in limine<br><br>January 23, 2020, 1:30 pm |

    Mr. Liddy respectfully requests the Court deny the government's motions in limine.

    First, its motion to admit evidence of additional images exceeds both the letter and spirit of the bill of particulars. The defense's motion for a bill of particulars, filed almost 18 months ago, sought an order for the government "to specify the visual depictions that the government *intends to introduce at trial*." Dckt. 74-1 in No. 17-cr-2475 (emphasis added). The Court granted the motion and the government complied by identifying ten files. The parties then entered into a stipulation based on those files.

Now, however, the government is trying to expand the evidence well beyond those files. As discussed below, the request should be denied. It is unfair, unworkable, and untenable in the context of what was supposed to be a streamlined bench trial.

Second, the government's objection to the defense expert disclosure is misplaced. And in any event, a more detailed disclosure is provided in this response, echoing what the government has provided to the defense.

**A.   The Court should deny the government's motion to admit evidence that Mr. Liddy possessed additional images of child pornography and child erotica.**

   1.   <u>The relevant facts</u>.

On August 25, 2018, Mr. Liddy moved for a bill of particulars. Dckt. 74-1. He "ask[ed] this Court to order the government to specify the visual depictions that the government intends to introduce at trial." *Id.* In support, Mr. Liddy explained he needed the information so he could "prepare a defense and prevent unfair surprise at trial" and "narrow the scope and length of the trial in this case." *Id.* at 1-2.

On October 25, 2018, the Court granted the motion. Dckt. 83 in No. 17-cr-2475. The government complied, identifying ten files as the specific "images" (files) it would seek to admit and upon which the charge was based. The parties then entered into a comprehensive factual stipulation to streamline the trial. *See* Dckt. 37 at 2-4 in 19-cr-1685. The stipulation included only the ten subject files. *See* Dckt. 37 at 2-4.

After the Court accepted the stipulation, the government moved in limine "to admit evidence that 1) 10 digital images were uploaded to and through Liddy's Yahoo account

on February 26, 2017 and one image was uploaded to and through his Microsoft/Skype account on January 21, 2017; the images depicted minors in sexually explicit conduct and came from an IP address for his residence; and 2) besides the 10 stipulated images above, other digital images of child pornography and child erotica were found on multiple storage devices taken from his residence on July 25, 2017." Dckt. 42 at 2.

Immediately after receiving this motion, the defense contacted the government to determine exactly what additional evidence the government was seeking to admit. The parties then met and conferred. At that meeting, the government clarified its position, as summarized below:

- "In addition to the files identified in the bill of particulars and subject to the parties' factual stipulation, the government intends to introduce further evidence about files found on the (a) the desktop computer, (b) the iOmega drive, and (c) the two thumb drives, which the government believes constitute either child pornography or child erotica."

- "[The] initial estimate is that [the government will] seek to introduce evidence of about twenty files constituting child pornography or child erotica from each of the above listed devices. In other words, [the government] will seek to admit evidence regarding approximately **80 additional files** beyond those in the bill of particulars. All of these files, save for the ones within the Microsoft folder, exist in either deleted or cache space on the media referenced above. [The government] further agreed to provide a final list of the files from each device [it] will seek to introduce testimony about at trial[.]."

- The government "will seek to introduce testimony that approximately ten of the images that were the subject of the February 26, 2017 NCMEC report were located in the Yahoo Messenger cache folder on the desktop computer. These are in addition to the images discussed above and those in the bill of particulars."

Ex.A at 2 (emphasis added).

On January 13, 2020, and January 15, 2020, via email, the government confirmed it intends to admit evidence regarding 78 images/files[1] that are allegedly either child pornography or child erotica, in addition to the ten identified in the bill of particulars.

Simply stated, this renders the bill of particulars meaningless. *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) ("a bill of particulars is . . . designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, [and] to aid in preparation."). And it ignores the government's prior obligation "to specify the visual depictions that [it] *intends to introduce at trial*." Dckt. 74-1 at 1 (emphasis added). Additionally, the current request is a significant departure from what is contemplated by the trial stipulation.

For these reasons, as well as all those discussed below, the Court should deny the government's motion and limit the trial to the files identified in the bill of particulars.

---

[1] 67 images located in deleted space on the various computer media, along with 11 images referenced in NCMEC reports.

2.     The additional evidence should be excluded.

*First*, as just noted, the government's motion is contrary to what it provided in the bill of particulars. And to the extent the government responds that it will not seek to admit additional images themselves, only evidence about them, this is a distinction without a difference. By analogy, "[t]he exclusionary rule prohibits introduction into evidence of tangible materials . . . *and of testimony concerning knowledge acquired during an unlawful search*[.]" *Murray v. United States*, 487 U.S. 533, 536 (1998) (emphasis added, citations omitted). The same principle should apply here. The government should not be permitted to circumvent the Court's order for a bill of particulars.

*Second*, the government's motion is untimely. The Court ordered the government to provide 404(b) notice by November 6, 2019. It failed to do so until the motion in limine. The delay has prejudiced the defense. As explained in our motion in limine, virtually all of our preparation was based on "the assumption that the government will not seek to admit any such [additional] evidence. Specifically, the defense is ready for a streamlined trial concerning only the ten files specified in the bill of particulars." Dckt. 43 at 2. If the government is allowed to proceed with the additional "evidence unconnected to those files[,] [t]he defense would need additional consultation with our forensic expert, as well as time to evaluate the impact of any such evidence on our strategy." Dckt. 43 at 3.

*Third*, the government is incorrect in asserting the evidence falls outside of Rule 404(b) because it is "inextricably intertwined with the charged crime." Dckt. 42 at 2. The charged crime is possession of the ten files identified in the bill of particulars. The

government can tell the factual and forensic story of those files without evidence of other files. This is not like a bank robbery, where the government needs to talk about the stolen getaway car to tell a coherent story. To the contrary, the evidence of additional files here is simply piling on for the prohibited purpose of propensity. Accordingly, because the government has not demonstrated the proposed additional evidence was part of "a single criminal transaction," there is nothing "inextricably intertwined." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 2012). Rather, the different files represent distinct "other acts," which is exactly the purview of Rule 404(b).

Nor can the government avoid the strictures of Rule 404(b) by claiming the evidence is necessary to explain the circumstances of the offense. Dckt. 42 at 3. The Ninth Circuit rejected a similar government argument in *Vizcarra-Martinez*, 66 F.3d at 1012-13. The court explained: "we have allowed 'other act' evidence to be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime . . . . This exception to Rule 404(b) is most often invoked in cases in which the defendant is charged with being a felon in possession of a firearm." *Id*. On the facts before it, however, the court found the exception inapplicable because "the prosecution would encounter little difficulty in presenting the evidence relevant to its case against the defendant . . . without [the subject evidence]." *Id.* at 1013. The same is true here.

*Fourth*, the government's motion fails under Rule 404(b). Under the Rule, "[a]fter requiring the proponent to identify the specific purpose for which the evidence is offered,

6

the district court must determine whether the identified purpose, whether to prove *motive* or *intent* or *identity* [or] some other purpose, is 'material'; that is, whether it is 'in issue' in the case. If the court finds it is, the court must *then* determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403." *United States v. Curtin*, 489 F.3d 935, 957-58 (9th Cir. 2007) (en banc) (emphasis in original).

Here, *all* of the additional evidence the government is seeking to admit is about files in either deleted or largely inaccessible cache space. Thus, at most, it tends to show Mr. Liddy deleted files when they were contraband. The parties agree on this point, and thus it is not "in issue in the case." *Id.*

*Fifth*, even if Rule 404(b) didn't prohibit the government's proffered evidence, Rule 403 would. As a procedural matter, "[o]ne cannot evaluate in a Rule 403 context what one has not seen[.]" *Id.* at 958. Thus, "a [district] court does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally examine and evaluate *all* that it must weigh." *Id.* (emphasis in original).

In the context of the upcoming bench trial, this poses a significant problem. The defense will not stipulate to any characterization of the proposed additional evidence. Thus, pre-trial, the Court must perform the requisite 403 analysis. But considering the Court is sitting as the trier of fact, if it determines the images are cumulative or unduly prejudicial in light of the agreed-upon files – which they are – that bell cannot be un-rung. *See United States v. Merino-Balderrama*, 146 F.3d 758, 763-74 (9th Cir. 1998) (Child

7

pornography and child erotica "likely create[] an emotional impact that influence[s] the verdict.").

Nor is the government prejudiced by limiting the evidence to that associated with the ten charged files referenced in the parties' stipulation. Everything else is cumulative and unduly prejudicial, including the purported evidence that Mr. Liddy "uploaded" eleven images via Skype and Yahoo Messenger. Even beyond the fact that any evidence from the NCMEC report is inadmissible hearsay and prohibited by the Confrontation Clause, this alleged uploading is not an element of the charged offense. Thus, the probative value is at best minimal. *See United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998); *United States v. Arambula-Ruiz*, 987 F.2d 599, 604-05 (9th Cir.1993). And "[w]here the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the [factfinder]." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir.1992). Accordingly, the government's motion should be denied.

**B.     The Court should deny the government's motion to preclude the defense expert.**

The government objects to the defense expert notice. In this response, we aim to ameliorate its concern. And if the government has any additional questions, we are willing to meet and confer at its convenience.

At the outset, although the defense is not objecting, it must be noted that the government has *not* turned over any summary of its expert's opinion in this case. Instead, the government provided a general list of categories its expert might discuss. *See* Ex.B.

It also disclosed computer data generated by a forensic software program. But it has not given any notice of what its expert will testify to regarding the files in this case. Thus, if the defense expert notice is deficient, the government's is equally so.

That said, the government makes a fair point about defense expert disclosure under Rule 16(b)(C)(1) – it is not limited to our "case-in-chief." Dckt. 42 at 6. However, the point is misplaced here. This is not a case with subjective expert opinions – e.g., whether the defendant suffered from mental illness or not. Rather, as relevant, the computer forensics in this case will involve *objective* factual questions, such as whether a file was deleted or accessible. As such, the defense believes it will be able to obtain all the expert testimony it needs by way of cross-examining the government's forensic analyst, Mr. Gerou.

The defense, therefore, does not intend to call Mr. Roloff as part of its case, unless the government's expert testifies in a way counter to our understanding of the objective forensic evidence (which we don't know because we don't have a summary of his testimony). In that scenario, we would call Mr. Roloff for the limited purpose of impeaching/rebutting that testimony. That is why it was so important for the defense to have Mr. Roloff present for the trial (and why the defense pleaded with the Court for the current trial date). We need Mr. Roloff to listen to the government's expert so that he is available to counter that testimony should it become necessary.

Nevertheless, in the excess of caution, the defense now provides the following additional expert disclosure (which mirrors the government's): "The [defense] anticipates

that [Mr. Roloff] will [] testify regarding the following matters, in general terms and/or as applied to this case: (1) his knowledge, skill, training, and experience with computers and with child exploitation investigations; (2) his involvement in the investigation of this case; (3) his examination of the digital media in this case and his knowledge and explanation of the data obtained from the digital media; (4) computer terms, including but not limited to, hard drive, operating system, Windows, file path, Internet, hash value, cache, tmp files, carved files, MAC files, and MAC operating systems; (5) information regarding how files are created on digital devices and data associated with file creation and modification; (6) receipt of the digital media and the process used to copy or image the digital media; (7) examinations using forensic software and the results of these examinations; (8) the locations of files on the digital media; and (9) the presence of files in allocated and unallocated space on various forms of digital media and conclusions that can be drawn based on such file locations. [Mr. Roloff] may also testify about write-blocking devices and other forensic tools used in his forensic examination in this case. We will provide you with any demonstrative exhibits we anticipate he will use in explaining his testimony." Ex.B.

     The defense can also provide the following specifics (of which the government is aware). If called as a witness, Mr. Roloff will testify regarding the objective fact that nine of the files in the bill of particulars were located in deleted/inaccessible space on computer media not within the dominion and control of Mr. Liddy, and the remaining file had a corrupt file extension and thus could not be opened/accessed by normal methods (e.g.

double-clicking). He may also testify about the lack of metadata associated with files in deleted space, as well as the lack of any search history associated with Mr. Liddy seeking child pornography.

Given this supplemental notice, and the defense's willingness to answer further questions the government may have, the Court should deny the government's motion to preclude the defense expert. *See United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) ("Exclusion is an appropriate remedy for a discovery rule violation only where 'the omission was willful and motivated by a desire to obtain a tactical advantage.'") (citation omitted).

Dated: January 16, 2020               Respectfully submitted,

                                      */s/ Knut Johnson*
                                      Knut S. Johnson
                                      Devin Burstein
                                      John Ellis
                                      Attorneys for Mr. Liddy

# EXHIBIT A



Devin Burstein <db@wabulaw.com>

## Fwd: Liddy

**John Ellis** <john@johnellislaw.com>   Mon, Jan 13, 2020 at 10:59 AM
To: Devin Burstein <db@wabulaw.com>, Judy Clarke <jc@cjtrlaw.com>, "Knut S. Johnson" <knut@knutjohnson.com>

FYI

Begin forwarded message:

**From:** "Griffith, Mandy (USACAS)" <Mandy.Griffith@usdoj.gov>
**Date:** January 13, 2020 at 10:50:23 AM PST
**To:** John Ellis <john@johnellislaw.com>
**Cc:** "Ko, Peter (USACAS)" <Peter.Ko2@usdoj.gov>
**Subject:** **RE:  Liddy**


John,


Thanks for your email.


Your summary of our conversation on Friday afternoon appears to be correct.  In terms of the NCMEC lead information, you are correct about us not discussing the Chatstep lead.  However, I did affirm (and consistent with our MIL) that we will be introducing evidence around the Microsoft/Skype chat.


Please let me know if there are any additional questions you have.


Have a good day.


Thanks,

Mandy



Mandy Griffith

Assistant U.S. Attorney

United States Attorney's Office

Southern District of California

office: (619) 546-8970

cell: (619) 807-4179

**From:** John Ellis <john@johnellislaw.com>
**Sent:** Saturday, January 11, 2020 1:34 PM
**To:** Griffith, Mandy (USACAS) <MGriffith@usa.doj.gov>
**Subject:** Liddy

Mandy,

I am writing to follow up on the meeting we had yesterday afternoon in order to confirm my understanding of the evidence the government will seek to admit as either inexorably intertwined or as Federal Rule of Evidence 404(b) evidence. In addition to the files identified in the bill of particulars and subject to the parties' factual stipulation, the government intends to introduce further evidence about files found on the (a) the desktop computer, (b) the iOmega drive, and (c) the two thumb drives, which the government believes constitute either child pornography or child erotica.

Yesterday, we reviewed many of these files together. Your initial estimate is that you'll seek to introduce evidence of about twenty files constituting child pornography or child erotica from each of the above listed devices. In other words, you will seek to admit evidence regarding approximately 80 additional files beyond those in the bill of particulars. All of these files, save for the ones within the Microsoft folder, exist in either deleted or cache space on the media referenced above. You further agreed to provide a final list of the files from each device you will seek to introduce testimony about at trial, after meeting with your agent next week.

Finally, you indicated you will seek to introduce testimony that approximately ten of the images that were the subject of the February 26, 2017 NCMEC report were located in the Yahoo Messenger cache folder on the desktop computer. These are in addition to the images discussed above and those in the bill of particulars. I recall that you do not currently intend on introducing evidence regarding Chatstep, but my notes are unclear if you are intending to introduce evidence regarding the one file from the January 21 report regarding Skype.

If my understanding of the facts or the government's position are inaccurate, please let me know as soon as possible.

Thanks,

John

--

# EXHIBIT B



**U.S. Department of Justice**

***ROBERT S. BREWER, JR.***
United States Attorney
Southern District of California

*Renee Green*   *(619) 546-6775*
*Special Assistant U.S. Attorney*   *Fax (619) 546-0510*
*Email:*   *Renee.Green@usdoj.gov*

*San Diego County Office*   *Imperial County Office*
*Federal Office Building*   *516 Industry Way*
*880 Front Street, Room 6293*   *Suite C*
*San Diego, California 92101-8893*   *Imperial County, California 92251-5782*

May 10, 2019

<u>**VIA ELECTRONIC MAIL**</u>:

Knut S. Johnson, et al.
Law Offices of Knut S. Johnson
550 West C Street, Suite 790
San Diego, California 92101
Via email: knut@knutjohnson.com

    Re:    <u>United States v. Raymond Liddy</u>, 17CR2475-CAB/19CR1685-CAB:
           Expert Notice

Dear Mr. Johnson, et al.:

    Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), I write to provide notice of the expert testimony that the United States intends to use pursuant to Federal Rules of Evidence 702, 703, and 705 during the jury trial in the above-referenced criminal matter. The United States reserves the right to offer additional testimony by this expert, or other expert witnesses, pursuant to Federal Rules of Evidence 701-705, and for this expert to amend or adjust his opinions and bases therefor, based on information perceived by or made known to the expert before or during trial. The United States reserves the right to supplement this notice.

    The United States intends to call Regional Computer Forensics Laboratory (RCFL) Computer Forensic Examiner (CFE) Robert T. Gerou regarding the forensic examination he conducted on Defendant's seized digital items. You have already received reports, both digital and written, of CFE Gerou's forensic examinations of Defendant's seized digital items in discovery. Attached are CFE Gerou's Curriculum Vitae, his forensic report and notes, and other documents associated with his analyses in this case. In addition, a disc containing logs and other supporting files has been made available for you to pick up at our office.

    The government anticipates that CFE Gerou will also testify regarding the following matters, in general terms and/or as applied to this case: (1) his knowledge, skill, training, and experience with computers and with child exploitation investigations; (2) his involvement in the investigation of this case; (3) his examination of the digital media in this case and his knowledge and explanation of the data obtained from the digital media; (4) computer terms, including but not limited to, hard drive, operating system, Windows, file path, Internet, hash value, cache, tmp files, carved files, MAC files, and MAC operating

Notice Letter to K. Johnson, et al.: <u>United States v. Liddy</u>, 17CR2475-CAB/19CR1685-CAB
May 10, 2019
Page 2

systems; (5) information regarding how files are created on digital devices and data associated with file creation and modification; (6) receipt of the digital media and the process used to copy or image the digital media; (7) examinations using forensic software and the results of these examinations; (8) the locations of files on the digital media; and (9) the presence of files in allocated and unallocated space on various forms of digital media and conclusions that can be drawn based on such file locations. CFE Gerou may also testify about write-blocking devices and other forensic tools used in his forensic examination in this case. We will provide you with any demonstrative exhibits we anticipate he will use in explaining his testimony.

      The United States believes this notice, including the incorporated reports, satisfies the requirements of Rule 16(a)(1)(G).  After review of the materials, if Defendant believes that further information is needed or has other concerns regarding Rule 16, the United States requests that Defendant advise us as to what further information he believes is necessary for him to prepare for trial.

      Additionally, this notice serves as a formal request for Defendant to disclose use of any expert witnesses at trial, pursuant to Rule 16(b)(1)(C).

      If you or your associates have any questions, please do not hesitate to contact me.

      Sincerely,

      ROBERT S. BREWER, JR.
      United States Attorney

      */s/ Renee Green*
      RENEE GREEN
      Special Assistant U.S. Attorney

Attachments: CFE Robert Gerou's CV; Reports/Notes/Documents; Disc (available for pick-up)