ROBERT S. BREWER, JR.
United States Attorney
AMANDA L. GRIFFITH (Cal. Bar No. 243854)
PETER G. KO (Cal. Bar. No. 191994)
Assistant U.S. Attorneys
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8970 (Griffith)/7359 (Ko)
mandy.griffith@usdoj.gov; peter.ko2@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND LIDDY,<br><br>Defendant. | Case No. 19CR1685-CAB<br><br>UNITED STATES' TRIAL MEMORANDUM<br><br>Trial Date: February 3, 2020<br>Time:  9:00 a.m. |

Comes now the plaintiff, United States of America, through its counsel, Robert S. Brewer, Jr., United States Attorney, and Amanda L. Griffith and Peter G. Ko, Assistant United States Attorneys, and files its trial memorandum.

## I.

## STATEMENT OF THE CASE

**A.     Indictment**

On May 9, 2019, the grand jury returned a one-count indictment charging defendant, Raymond Liddy, with Possession of Images of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  The indictment also provides

for criminal forfeiture if defendant is convicted. Defendant was arraigned on the indictment and entered a plea of not guilty.

**B.   Trial Status**

A bench trial is set before the Honorable Cathy Ann Bencivengo on February 3, 2020. The United States expects its case-in-chief to last approximately one day.

**C.   Defense Counsel**

Defendant is represented by retained counsel—Knut Johnson, Devin Burstein, John Ellis, and Judy Clarke.

**D.   Defendant's Custody Status**

Defendant has been on bond since his arrest on June 26, 2017, on a complaint filed in Case No. 17CR2475-CAB.

**E.   Interpreter**

The United States does not require the assistance of an interpreter.

**F.   Jury Waiver**

A jury waiver was executed by the parties on November 13, 2019. Dkt. 37.

**G.   Pre-Trial Motions**

There have been extensive pretrial motions filed in this case including motions to suppress evidence, supplemental motions to suppress evidence, motions to dismiss the indictment, and other discovery related motions. To date, defendant's various motions regarding suppression and dismissal have been denied.

The parties have each filed various motions in limine in which the Court has already ruled.

## II.

## STATEMENT OF FACTS

After receiving CyberTipline reports from multiple Internet Service Providers that traced back to Defendant's residence, on July 25, 2017, the FBI interviewed Defendant at

his residence then served a search warrant for evidence that Defendant possessed child pornography.

The interview was recorded. Defendant made several pertinent statements, including the following: 1) he and his wife were the only occupants at the residence, 2) a particular screen name was a "login" he used for "porn," 3) he frequently visited an adult chat site, 4) he "might have reposted" pictures on the site, 5) he "probably engaged in some banter" with people on the site about children, 6) (on whether he sent pictures of any girls under the age of 18) "Have I – yeah, I've resent them. I – I don't believe – I don't believe I have, um… [I]f I did, it wasn't intentional," 7) (on whether he saved "that stuff" to his computer) "I think you can save, although I really don't think I have. I'd have to check and see if I have anything—," 8) he had chats with others about kids that were "just talk," 9) he was "sure" child pornography-type material had come across his screen because some people had posted it to "this Chat Avenue website" that he frequented, 10) if he posted any such material, it was "inadvertent," 11) "if I had" saved any of "that stuff" to his computer, "it was wrong," 12) (on the last time he saved "something like that" to his computer) "Oh, God. Jeez, I'm not sure," 13) (on the last time he deleted) "[G]osh, I delete, um, often," 14) (on whether he received the pictures from someone or went to a website to get them) "Uh, that Chat Avenue thing… [P]eople put them on there," 15) (on whether he remembered sending pictures) "You know, it's been so long," 16) he did not have "pictures of any kids" on his computer, 17) if he "clicked something that did look like a young child, I'd delete it," and 18) (on whether a forensic exam of his computer would find deleted child pornography) "Um, you'd probably find some, but not a ton… [O]nes that I find on that site."

The parties have stipulated that a number of items were seized from Defendant's residence, including a desktop computer, a connected external hard drive, and two thumb drives in a desk drawer. The parties have stipulated that the external hard drive contained at least two child pornography image files (one with an incorrect extension and the other

in the recycle bin); one thumb drive contained at least three child pornography image files that were deleted; and the other thumb drive contained at least five child pornography image files. The parties have stipulated the images depicted prepubescent minors (including at least one under 12 years of age) engaged in sexually explicit conduct and the images were transported using the Internet.

## III.
## WITNESSES

The United States expects to call the following witnesses, although it reserves the right to change the order of these witnesses, substitute witnesses, add, or omit one or more witnesses:

1. FBI Special Agent Daniel Evans
2. Angela Tsuida
3. RCFL Computer Forensic Examiner Robert T. Gerou

## IV.
## STIPULATIONS

On November 13, 2019, a stipulation of facts was filed. Dkt. 37. The United States has been informed that Defendant, if convicted, will stipulate to the forfeiture of the images of child exploitation and child erotica located on the various computer devices seized from his home, and will stipulate to the forfeiture of those same devices.

## V.
## EXHIBITS

An exhibit list will be provided on the day of trial, and all exhibits will be made available to the defense to review in advance of trial. The exhibits in this case will include:

1. Photographs from the search warrant and of the seized evidence
2. Excerpts from the computer forensic report
3. Recording of Defendant's Interview and Transcript

# VI.
# LEGAL ISSUES

**A.   Elements of Count 1—Possession of Child Pornography**

First, the defendant knowingly possessed a matter that the defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct;

Second, the defendant knew the visual depiction contained in the matter was of a minor engaged in sexually explicit conduct;

Third, the defendant knew that production of such visual depiction involved use of a minor in sexually explicit conduct;

Fourth, the visual depiction had been transported using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce; and

Fifth, the visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age.

"Visual depiction" includes data stored by electronic means and capable of conversion into a visual image.  18 U.S.C. § 2256(2)(A)(v), (3) & (5).

A "minor" is any person under the age of 18 years.

"Producing" means producing, directing, manufacturing, issuing, publishing, or advertising. "Production" of a visual depiction includes using a computer to download data that produces the visual depiction.

"Matter" is a physical medium capable of containing images such as a computer hard drive or disk.  *United States v. Lacy*, 119 F.3d 742, 748 (9th Cir. 1997).

"Sexually explicit conduct" means actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.

In order to determine whether a particular visual depiction is a "lascivious exhibition of the genitals or pubic area," the factfinder must consider the overall content of the visual

depiction, while taking into account the age of the child depicted. The following list of factors, while not exhaustive, are among the things a jury should consider:

1. whether the focal point of the visual depiction is on the child's genitalia or pubic area;
2. whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
3. whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
4. whether the child is fully or partially clothed, or nude;
5. whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and
6. whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

A visual depiction need not involve all of these factors to be a lascivious exhibition, and it is for the factfinder to decide the weight or lack of weight to be given to any of these factors. *United States v. Overton*, 567 F.3d 1148 (9th Cir. 2009); *amended and affirmed*, 2009 U.S. App. LEXIS 20818 (July 14, 2009); *United States v. Dost*, 636 F. Supp. 828 (S.D.Cal.1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir.1987).

//
//
//
//
//
//
//
//
//

# VII.

# **JURY INSTRUCTIONS**

On January 24, 2020, per the Court's request, the United States filed the parties' jointly proposed elements for count 1. Dkt. 50.

DATED: January 27, 2020                    Respectfully submitted,

                                                          ROBERT S. BREWER, JR.
United States Attorney

*s/Amanda L. Griffith*
AMANDA L. GRIFFITH
Assistant U.S. Attorney

*s/Peter G. Ko*
PETER G. KO
Assistant U.S. Attorney