# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>RAYMOND LIDDY,<br><br>  Defendant. | Case No.: 19cr1685-CAB<br><br>**ORDER ON MOTION TO PERFECT THE RECORD [Doc. No. 84]** |

Before the Court is defendant Raymond Liddy's Motion to Perfect the Record. [Doc. No. 84.] Defendant submitted this motion to supplement the record on his request for new trial in this matter. Government filed an opposition. [Doc. No. 86.] Having reviewed the docket history and counsels' submissions, the Court finds in the interest of justice that this motion is best resolved by providing a new briefing schedule for defendant and the government to address defendant's motion for new trial on all grounds that may properly be raised.

On May 28, 2020, the Court had set a post-trial motion schedule that provided moving briefs be filed by June 12, 2020, opposition briefs filed by June 25, 2020 and reply briefs filed by July 2, 2020 with a hearing date of July 9, 2020. [Doc. No. 79.] The defendant filed a motion May 27, 2020, for discovery to support his motion for new trial "based on the government's failure to disclose" that it would present at trial conclusions of

a forensic examiner on the state of the evidence that defendant asserts were contrary to what he understood was the joint position of the parties, specifically that images recovered from a thumb drive were in unallocated space. [Doc. No. 77.] The Court set a separate expediated briefing schedule on the discovery motion with opposition briefing due June 3, 2020 and a hearing on June 10, 2020. [Doc. No. 78.]

Although the Court had not provided for the submission of a reply brief on the defendant's discovery motion, on June 5, 2020, defendant submitted a brief captioned "Reply in support of Mr. Liddy's motion to compel discovery; motion for new trial; and an alternative request to grant further briefing." [Doc No. 81.] In this submission the defendant moved for a new trial. [Id., at 8, defendant "respectfully requests the Court grant him a new trial."] "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33.

On June 10, 2020, the Court denied the discovery motion and the defendant's request for a new trial. [Doc. No. 83.] The government's conduct – presenting the forensic examiner's testimony that was later conceded to be incorrect, was not relied upon by the Court and therefore did not "materially affect the fairness of the trial." *United States v. Smith,* 893 F.2d 1573, 1583 (9th Cir. 1990).

The government acknowledged at trial that the testimony of its forensic examiner regarding the accessibility of the images on the thumb drive at issue was incorrect. The Court disregarded that examiner's testimony. The Court permitted the testimony of the defense forensic expert, over the objection of the government, and accepted his opinion that the images on the thumb drive were in deleted space. The defendant then challenged the government's evidence that he had knowledge of the saved images before they were deleted. The Court however found based on the defendant's post-arrest statement and other circumstantial evidence that the government met its burden. [Doc. No. 63, at 78-81.] The erroneous and retracted testimony of the government's forensic examiner was not considered in the Court's decision and did not materially affect the outcome of the trial. The request for discovery and the motion for new trial on that basis were therefore denied.

  Despite having moved for a new trial in his June 5 submission to the Court, defendant asserts that only his request for discovery was at issue at the June 10 hearing. He contends he has other grounds for a new trial that he was not given an opportunity to present. Although the defense invited this confusion by introducing his motion for new trial in a "reply" brief, the Court finds it appropriate to allow further submission to afford the defendant a full opportunity to present his motion and provide the government a full opportunity to respond and not engage in this piecemeal approach to the record.

  The defendant's motion for new trial will be filed no later than July 7, 2020. The government will file a responsive brief by July 17, 2020. Defendant may file a reply by July 21, 2020. A hearing on the motion for new trial will be held on July 23, 2020 at 1:30 p.m. Defendant's sentencing hearing scheduled for that time is vacated to be reset if needed after the hearing of the new trial motion.

It is so ORDERED.

Dated: June 25, 2020

                _____
                Hon. Cathy Ann Bencivengo
                United States District Judge