UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19cr1685-CAB |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| RAYMOND LIDDY, | |
| Defendant. | |

WHEREAS, the parties agreed, pursuant to the Stipulation Regarding Forfeiture (Dkt. 109), to forfeiture to the United States of all property of Defendant RAYMOND LIDDY ("Defendant"), that constituted visual depictions as described in 18 U.S.C. § 2252, all property constituting proceeds of the offense, and all property used or intended to be used to commit or to promote the commission of the offense set forth in Count 1 of the Indictment which charged a violation of 18 U.S.C. § 2252(a)(4)(B), and forfeitable pursuant to 18 U.S.C. § 2253, as charged in the Indictment; and

WHEREAS, on or about February 5, 2020, Defendant was found guilty before District Judge Cathy Ann Bencivengo to Count 1 of the Indictment;

WHEREAS, on August 31, 2020, Defendant signed the Stipulation Regarding Forfeiture, which agreement included consent to the forfeiture of the following:

1. All images of child pornography, as defined in Title 18, United States Code, Section 2256;
2. All images depicting minors that do not meet the legal definition of child pornography but depict minors engaged in provocative or sexual activities;
3. San Disk Cruzer Glide 16 GB thumb drive;
4. SanDisk Micro 1 GB thumbdrive;
5. iOmega External hard drive with Samsung 2 TB hard drive; and
6. MacBook Air Model with Samsung 120 GB hard drive.

WHEREAS, by virtue of the facts set forth in the Stipulation Regarding Forfeiture, the United States has established the requisite nexus between the forfeited properties and the offense and the Court hereby orders the forfeiture to the United States of the described forfeited properties pursuant to Title 18, United States Code, Section 2253; and

WHEREAS, by virtue of said stipulation, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the Stipulation of Forfeiture, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant RAYMOND LIDDY in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

a. All images of child pornography, as defined in Title 18, United States Code, Section 2256;

b. All images depicting minors that do not meet the legal definition of child pornography but depict minors engaged in provocative or sexual activities;

c. San Disk Cruzer Glide 16 GB thumb drive;

d. SanDisk Micro 1 GB thumbdrive;

e. iOmega External hard drive with Samsung 2 TB hard drive; and

f. MacBook Air Model with Samsung 120 GB hard drive.

2. The aforementioned forfeited assets are to be held by the United States Federal Bureau of Investigation in its secure custody and control. As detailed in the stipulation, the property subject to forfeiture will not be destroyed until the conviction in this case is deemed to be final, following any direct appeal or collateral attack. The United States will notify Defendant prior to the disposal of the forfeited property.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the

Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 9/1/2020

_____
HONORABLE CATHY ANN BENCIVENGO
United States District Judge