TARA K. MCGRATH
United States Attorney
AMANDA L. GRIFFITH
California Bar No. 243854
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8970
mandy.griffith@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19CR1685-BAS |
|---|---|
| Plaintiff, | UNITED STATES' BENCH BRIEF FOR ORDER TO SHOW CAUSE HEARING |
| v. | |
| RAYMOND JOSEPH LIDDY, | Date: October 11, 2023<br>Time: 9:00 a.m. |
| Defendant. | |

I.

**STATEMENT OF THE CASE**

**A.   Procedural History**

On May 9, 2023, a petition for a warrant for an offender on supervision was issued alleging defendant, Raymond Joseph Liddy, violated his probation in four separate allegations. Dkt. 165. Defendant was out of the district when he was arrested on the petition. His initial appearance on the petition occurred in the Eastern District of Tennessee. Defendant stipulated to detention and was transported to the Southern District of California.

Defendant made his first appearance in this district on May 30, 2023. Dkt. 173. On June 5, 2023, an amended petition was filed with two additional allegations of non-compliance. Dkt. 175. A detention hearing was held on June 8, 2023. Dkt. 178. This Court determined Defendant posed a danger to the community and ordered him detained.

Two additional status hearings were held on June 21 and July 7, 2023, to discuss discovery and scheduling. Dkt. 184, 185. On July 7, 2023, this Court scheduled a final status hearing for August 18, 2023, and scheduled the contested hearing to begin on August 22, 2023. At the August 18, 2023, Defendant's request to continue the contested hearing was granted. The Court scheduled the contested hearing to begin on October 11, 2023. Dkt. 191. Additionally, the parties were ordered to complete discovery production by September 15, 2023, and that included a designation of experts including the disclosure of expert reports. Dkt. 200 at 10-11. The United States was given until September 29, 2023 to provide notice of any designated experts in response to the September 15 deadline imposed on Defendant.

On September 25, 2023, this Court ordered the parties to file their proposed witness and exhibit lists by October 5, 2023. Dkt. 199.

**B.    Discovery**

On June 2, 2023, the parties filed a joint motion for the release of information by United States Probation. Dkt. 174. On June 5, 2023, this Court granted the joint motion. Dkt. 176.

Pursuant to the order, the United States has produced 69 pages of discovery which includes chronological entries made by the supervising probation officers, documentation from Coronado Police Department, and photographs documenting inbound and outbound calls on April 25, 2023. Additionally, the United States has provided audio and video recordings from the Coronado Police Department documenting two telephone calls (one from Defendant's wife and one from United States Probation Officer (USPO) Kelli Singleton), body-worn camera footage documenting the visit to Defendant's residence on

April 25, 2023, and recordings of messages left by Defendant for various probation officers. The first two productions of discovery occurred on June 15 and 16, 2023. The third production occurred on August 11, 2023, and the final production occurred on September 15, 2023. The United States does not intend to call any expert witnesses.

Defendant has produced some discovery, the first production occurred on September 9, 2023, and has continued through October 3, 2023. To date, the United States has only received the report of one of the three designated experts, and that report was provided on October 2, 2023. According to defense counsel, one of the experts has not completed a report and no statement regarding the existence of a report has been provided to the United States. Notwithstanding the continuing ongoing disclosures, the United States is prepared to proceed with the contested hearing as currently scheduled.

## II.
## STIPULATIONS

As of the date of this filing, the parties have entered into a stipulation regarding evidence obtained from the Coronado Police Department. Dkt. 202. A copy of the stipulation as well as the recordings referenced in the stipulation will be provided for the Court ahead of the contested hearing to streamline the presentation of evidence during the hearing.

## III.
## WITNESSES and EXHIBITS

A proposed witness and exhibit list will be filed separately with the Court as ordered.

## IV.
## LEGAL ISSUES

**A.   Revocation of Probation and Burden of Proof**

The process of continuing or revoking a defendant on probation is addressed in 18 U.S.C. § 3565(a), which provides—

>If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent they are applicable—
>(1) continue him on probation, with our without extending the term or modifying or enlarging the conditions; or
>(2) revoke the sentence of probation and resentence the defendant under subchapter A.

Federal Rule of Criminal Procedure 32.1(b)(2) provides the parameters of the revocation hearing. Notably, at the hearing, a defendant has "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. Pro. 32.1(b)(2)(C). Of note, the Rules of Evidence are not applicable to proceedings involving the granting or revoking of probation. Fed. R. Evid. 1101(d)(3). However, there is a due process right to the use of reliable evidence. *See United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999)(recognizing that minimal due process requirements exist for probation violation hearings, including the right to confront and cross-examine witnesses).

The Supreme Court has recognized that district courts have considerable discretion in revoking probation. *See Burns v. United States*, 287 U.S. 216, 221 (1932). In *United States v. Bonanno*, , the district court found the standard of proof was stated as follows:

>A revocation of probation is an exercise of broad discretionary power by the trial court akin to that utilized in imposing the probated sentence initially. Evidence that would establish guilt beyond a reasonable doubt is not required to support an order revoking probation. Probably evidence rising to the level of substantial evidence is not even required, absent arbitrary and capricious action in the revocation. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.

452 F.Supp. 743, 747 (N.D.Cal. 1978)(*citing United States v. Francischine*, 512 F.2d 827, 829 (5th Cir.), *cert. denied*, 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975)). "In

4

evaluating the evidence to determine if there has been a violation of one or more of the conditions of probation, this court must be 'reasonably satisfied' that a violation has occurred." *Id*.

**B.  Threatening to Assault, Kidnap, or Murder a United States Official, United States Judge, Federal Law Enforcement Officer, or Other Official (18 U.S.C. § 115(a)(1)(B))**

To prove a violation of 18 U.S.C. § 115(a)(1)(B), the United States must prove:

First, the defendant threatened to assault, kidnap, murder, United States Probation Officer Kelli Singleton; and

Second, Defendant did so with intent to impede, intimidate, interfere with United States Probation Officer Kelli Singleton while she was engaged in the performance of official duties.

Ninth Circuit Criminal Jury Instruction 8.15.

For an instruction defining "official duties," see *United States v. Ornelas*, 906 F.3d 1138, 1149 (9th Cir. 2018) (upholding "official duties" instruction stating that test for determining whether officer is "[e]ngaged in the performance of official duties" is "whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own"). See also *United States v. Juvenile Female*, 566 F.3d 943, 950 (9th Cir. 2009) (describing official duties test as "whether [the officer] is acting within the scope of what he is employed to do, as distinguished from engaging in a personal frolic of his own").

**C.  Transmitting a Communication Containing a Threat to Kidnap or Injure (18 U.S.C. § 875(c))**

To prove a violation of 18 U.S.C. § 115(a)(1)(B), the United States must prove:

First, the defendant knowingly transmitted in interstate commerce, telephone calls, containing a threats to injure Kelli Singleton.

Second, the telephone calls were transmitted for the purpose of issuing a threat, or with knowledge that the telephone calls would be viewed as a threat.

The government need not prove that the defendant intended to carry out the threat. Ninth Circuit Criminal Jury Instruction 8.13.

Whether a particular statement may be considered a threat is not governed by an objective standard. The mens rea of the crime involved in communicating a threat is established through proof that a defendant makes a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat. See *Elonis v. United States*, 575 U.S. 723, 740 (2015) (involving violation of 18 U.S.C. § 875(c), transmitting in interstate or foreign commerce any threat to kidnap any person or threat to injure the person of another).

**D.     Criminal Threat (California Penal Code, § 422)**

Per CALCRIM No. 1300, to prove a violation of 18 U.S.C. § 115(a)(1)(B), the United States must prove:

First, the defendant willfully threatened to unlawfully kill or unlawfully cause great bodily injury to Kelli Singleton;

Second, the defendant made the threat by electronic communication device;

Third, The defendant intended that his statement be understood as a threat and intended that it be communicated to Kelli Singleton;

Fourth, under the circumstances, the threat was so clear, immediate, unconditional, and specific that it communicated to Kelli Singleton, a serious intention and the immediate prospect that the threat would be carried out;

Fifth, the threat actually caused Kelli Singleton to be in sustained fear for her own safety; and,

Sixth, Kelli Singleton's fear was reasonable under the circumstances.

Someone commits an act willfully when he or she does it willingly or on purpose.

In deciding whether a threat was sufficiently clear, immediate, unconditional, and specific, consider the words themselves, as well as the surrounding circumstances. Someone who intends that a statement be understood as a threat does not have to actually intend to carry out the threatened act [or intend to have someone else do so].

Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm.

Sustained fear means fear for a period of time that is more than momentary, fleeting, or transitory.

An immediate ability to carry out the threat is not required.

An electronic communication device includes, but is not limited to: a telephone, cellular telephone, pager, computer, video recorder, or fax machine.

### E.     Resentencing following Revocation of Probation

If the Court determines there has been a violation and revokes probation, the Court has the "discretion to sentence a probation violator to the range of sentences available at the time of the original sentencing." *United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir. 1996); 18 U.S.C. § 3565(a)(2).  In this case, In this case, Defendant can be sentenced to up to twenty years in custody because of his conviction for possession of images of minors engaged in sexually explicit conduct.  Dkt. 113; 18 U.S.C. § 2252(b)(2).

The revocation conduct can be used by this Court to reconsider its original decision to depart in light of the defendant's subsequent actions in determining the appropriate sentence following revocation. *See United States v. White*, 925 F.2d 284, 287 (9th Cir. 1991).

DATED: October 5, 2023              Respectfully submitted,

                                    TARA K. MCGRATH
                                    United States Attorney

                                    *s/Amanda L. Griffith*
                                    AMANDA L. GRIFFITH
                                    Assistant U.S. Attorney