TARA K. MCGRATH
United States Attorney
AMANDA L. GRIFFITH
California Bar No. 243854
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8970
mandy.griffith@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND JOSEPH LIDDY,<br><br>Defendant. | Case No. 19CR1685-CAB<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: November 17, 2023<br>Time: 10:00 a.m. |

On April 25, 2023, Defendant, Raymond Joseph Liddy, threatened United States Probation Officer Kelli Singleton with physical harm and threats on her life, while also hurling racial epithets, simply because she called him on the phone to introduce herself as his new probation officer. Dkt. 165. As a result of that conduct, this Court held that Liddy's probation should be revoked. Dkt. 211. For the totality of his conduct—including his original offense and his time on probation—the United States recommends a sentence of thirty-six months' imprisonment, followed by five years of supervised release.

**A.  RESENTENCING FOLLOWING REVOCATION OF PROBATION**

The Court has the "discretion to sentence a probation violator to the range of sentences available at the time of the original sentencing." *United States v. Plunkett*, 94

F.3d 517, 519 (9th Cir. 1996); 18 U.S.C. § 3565(a)(2). In this case, Liddy can be sentenced to up to twenty years in custody because of his conviction for possession of images of minors engaged in sexually explicit conduct. Dkt. 113; 18 U.S.C. § 2252(b)(2). In determining the appropriate sentence following a revocation, the Court can look to the conduct that resulted in the revocation as a basis not to grant another downward departure. *See United States v. White*, 925 F.2d 284, 287 (9th Cir. 1991).

Liddy's performance on probation is not only criminal but evidences an utter disregard for this Court's sentence and expectations. He was granted probation following conviction for a serious crime, in large part because of the COVID pandemic. Dkt. 201 at 151. Rather than take the opportunity to abide by the straightforward conditions of probation, Liddy adopted a cavalier approach, choosing which conditions he would follow and ignoring others. Probation officers tried to assist Liddy when it was clear that his drinking was a danger to the community[1], but he disregarded their direction and assistance. Liddy provided a myriad of excuses to justify his failure abide by the simplest of conditions, including random alcohol-breath tests. Dkt. 136, 140, 145, and148.

Considering the totality of this case, and in consultation with United States Probation Officer Kelli Singleton, the United States again recommends a thirty-six month term of imprisonment. This was the original sentence recommended by the United States, and it represents a balance of the equities presented by Liddy's background and the seriousness of his crime. Dkt. 105.  Liddy's conduct while on probation demonstrates he needs specific deterrence to understand the impact of his felony conviction while accounting for the breach of the Court's trust in making threats against a probation officer, and his overall performance on probation. This term of imprisonment should be followed with five years of supervision with the terms and conditions recommended below.

---

[1] Liddy's dangerousness to the community is evidenced by his arrest of driving under the influence after driving the wrong way on a crowded San Diego street and striking another vehicle while having a blood alcohol level that is three times the legal limit. Dkt. 140 at 5.

**B.     RECOMMENDED TERMS OF SUPERVISED RELEASE**

A defendant on supervised release is just "one step removed from imprisonment." *Doe v. Harris*, 772 F.3d 563, 571 (9th Cir. 2014). As a result, the Ninth Circuit has "repeatedly held that a district court enjoys significant discretion in crafting terms of supervised release for criminal defendants, including the authority to impose restrictions that infringe on fundamental rights." *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006). By statute, this Court may order any special conditions of supervised release, so long as the conditions are reasonably related to the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(d); *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003)). Special conditions are permissible if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and "involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *Id.*; *see also United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) (district court has "wide latitude" to impose supervised release conditions so long as they comport with the goals in § 3583(d)).

In addition to the standard and mandatory conditions, the United States recommends the following special conditions:

**Previously imposed conditions**

- Abstain from the use of any and all alcohol, and not be present in (or frequent) places where alcohol is the main item of sale.
- Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

- Submit your person, property, residence, abode, vehicle, papers, computer, social media accounts, any other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. § 3563 (b)(23); 3583 (d)(3). Failure to submit to a search may be grounds for revocation; you must warn any other residents that the premises may be subject to searches pursuant to this condition.
- Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.
- Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(1)), which are capable of accessing, storing, or transmitting visual depictions of "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), without prior approval by the court or probation officer, all of which are subject to search and seizure. Such devices include, but are not limited to smart phones, smart watches, video game consoles, digital tablets, iPods, and not excluding anything else that has the capability of doing so in the future and can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment. The offender must consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender must pay for the cost of installation of the computer software.

- Not associate with, or have any contact with, any known sex offenders unless in an approved treatment and/or counseling setting.
- Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.
- Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.
- Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.
- Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of a visual reaction time (VRT) assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph

examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.

- Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

**Additional recommended conditions**

- Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

- Be monitored for a period of 180 days, with the location monitoring technology at the discretion of the probation officer. The offender must abide by all technology requirements and must pay all or part of the costs of participation in the location monitoring program, as directed by the court and/or the probation officer. In addition to other court-imposed conditions of release, the offender's movement in the community must be restricted as specified below:

(Home Detention)

You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or essential leave as preapproved by the probation officer.

The previously imposed conditions are standard in this district for offenders who have been convicted of child exploitation crimes. The additional recommended conditions are designed to address the issues Liddy has had while on probation. All of these conditions are reasonably related goal of deterrence, protection of the public, or rehabilitation of the offender. The United States and United States Probation respectfully request the Court impose each of the conditions above.

DATED: November 15, 2023

Respectfully submitted,

TARA K. MCGRATH
United States Attorney

*s/Amanda L. Griffith*
AMANDA L. GRIFFITH
Assistant U.S. Attorney